DANA M.O. VIOLA 6095
Corporation Counsel

DANIEL M. GLUCK 7959
JACQUELINE DE LEEUW HUANG 11644
PATRICIA SENDÃO 11708
Deputies Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaiʻi 96813
Telephone: (808) 768-5233 / (808) 768-5248 / (808) 768-5121
Facsimile: (808) 768-5105
E-Mail:    daniel.gluck@honolulu.gov
           j.deleeuwhuang@honolulu.gov
           patricia.sendao@honolulu.gov

Attorneys for Defendant
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| COREY KAHALEWAI,<br><br>        Plaintiff,<br><br>    vs.<br><br>HONOLULU CITY AND COUNTY,<br><br>        Defendant. | CIVIL NO. CV24-00323 JAO/RT<br><br>DEFENDANT CITY AND COUNTY OF HONOLULU'S ANSWER TO COMPLAINT FILED ON JULY 31, 2024 (ECF NO. 1); DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE<br><br><br><br><br><br>Trial Date:  None |

DEFENDANT CITY AND COUNTY OF HONOLULU'S
<u>ANSWER TO COMPLAINT FILED ON JULY 31, 2024</u>

Defendant City and County of Honolulu (City) answers the Complaint filed

on July 31, 2024, ECF No. 1 (Complaint) as follows:

<u>FIRST DEFENSE</u>

1.    Plaintiff fails to state a claim upon which relief can be granted.

<u>SECOND DEFENSE</u>

**ADMISSIONS AND DENIALS**

2.    This Answer uses the headings in Plaintiff's Complaint for

organizational purposes only.  To the extent there are allegations contained therein,

the City denies those allegations.

3.    The Complaint uses footnotes, and the City will treat each footnote as

included in the numbered paragraph in which the footnote appears.  All allegations

in all footnotes are denied unless expressly admitted.

**PARTIES**

4.    With respect to the allegations contained in paragraph 1 of the

Complaint, the City admits that Corey Kahalewai is a natural person, an adult, and

a United States citizen.  The City further admits that Plaintiff Kahalewai has

identified himself as male.  The City has insufficient knowledge or information as

to the truth or falsity of any remaining allegations made therein, and therefore

denies all remaining allegations.  This paragraph contains conclusions of law,

rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.  In addition, the remaining allegations in this paragraph are vague and ambiguous, and on that basis the allegations are denied.

5.      With respect to the allegations contained in paragraph 2 of the Complaint, the City admits the first and last sentences.  The remainder of this paragraph contains conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.

## JURISDICTION AND VENUE

6.      With respect to the allegations contained in paragraph 3 of the Complaint, this paragraph contains conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.

7.      The City admits the allegations contained in paragraph 4 of the Complaint.

## INTRODUCTION

8.      With respect to the allegations contained in paragraphs 5 through 9 of the Complaint, the Complaint, the United States Constitution, and the Supreme Court's rulings speak for themselves, such that no response is required.  To the extent a response is required, denied.  These paragraphs contain conclusions of law, rather than allegations of fact, to which no response is required.  To the extent

a response is deemed required, denied.  The City denies that Plaintiff was deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case.  The allegations in this paragraph are vague and ambiguous, and on that basis the allegations are denied.  To the extent there are any other allegations in these paragraphs, denied.

## STATEMENT OF LAW

9.     With respect to the allegations contained in paragraphs 10 through 35 of the Complaint, the courts' rulings and the Constitution speak for themselves, such that no response is required.  To the extent a response is deemed required, denied.  The allegations in these paragraphs contain conclusions of law, rather than allegations of fact, to which no response is required.  As to any remaining allegations, denied.  The City denies that Plaintiff was deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case.  The City denies that Plaintiff was deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case.

10.     With respect to the allegations contained in paragraphs 36 and 37 of the Complaint, the cited statutes speak for themselves, such that no response is

required.  To the extent a response is deemed required, denied.  These paragraphs also contain conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.

11.    With respect to the allegations contained in paragraphs 38 and 39 of the Complaint, these paragraphs contain conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.  The cited statutes and rules speak for themselves, such that no response is required.  The allegations in these paragraphs are vague and ambiguous, and on that basis the allegations are denied.  The City denies that it promulgated rules regarding the concealed carry of firearms that became effective in June 2023, but admits that it promulgated rules regarding the concealed carry of firearms that became effective in January 2024.  The City admits that Plaintiff submitted application materials prior to January 1, 2024.  The City denies that Plaintiff was deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case.

12.    With respect to the allegations contained in paragraphs 40 to 42 of the Complaint, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore denies all allegations.  This paragraph contains conclusions of law, rather than allegations of fact, to which no

response is required.  To the extent a response is deemed required, denied.  The allegations in these paragraphs are vague and ambiguous, and on that basis the allegations are denied.

13.     With respect to the allegations contained in paragraph 43 of the Complaint, this paragraph contains conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.

## CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF

14.     With respect to the allegations contained in paragraph 44 of the Complaint, the City incorporates by reference the answers to all previous paragraphs as if set forth here in full.

15.     With respect to the allegations contained in paragraphs 45 to 47 of the Complaint, these paragraphs contain conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.  The allegations in these paragraphs are vague and ambiguous, and on that basis the allegations are denied.  The City denies that Plaintiff was deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case.

16.     With respect to the allegations contained in paragraph 48 of the

Complaint, the cited cases speak for themselves, such that no response is required. To the extent a response is deemed required, denied. This paragraph contains conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

17.     With respect to the allegations contained in paragraphs 49 and 50 of the Complaint, these paragraphs contain conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied. The City denies that Plaintiff was deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case.

18.     With respect to the allegations contained in paragraph 51 of the Complaint, this paragraph contains conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied. The City has insufficient knowledge or information as to the truth or falsity of any remaining allegations made therein, and therefore denies all remaining allegations. The City denies that Plaintiff was deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case.

\\

\\

**Plaintiff Corey Kahalewai**

19.     With respect to the allegations contained in paragraph 52 of the Complaint, the City incorporates by reference the answers to all previous paragraphs as if set forth here in full.

20.     With respect to the allegations contained in paragraphs 52 to 61 of the Complaint, the Complaint speaks for itself, such that no response is required.  To the extent a response is deemed required, denied.  These paragraphs contain conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.  The City denies that Plaintiff was deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case.

21.     With respect to the allegations contained in paragraph 62 of the Complaint, the City admits that Plaintiff Kahalewai is a U.S. citizen and that he has identified himself as male.  The City has insufficient knowledge or information as to the truth or falsity of the remaining allegations made therein, and therefore denies all remaining allegations.

22.     With respect to the allegations contained in paragraphs 63 to 65 of the Complaint, these paragraphs contain conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed

required, denied.  The allegations in these paragraphs are vague and ambiguous, and on that basis the allegations are denied.  Additionally, the City has insufficient knowledge or information as to the truth or falsity of any remaining allegations made therein, and therefore denies all remaining allegations.  The City denies that Plaintiff was deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case.

23.     With respect to the allegations contained in paragraph 66 of the Complaint, the City admits that Plaintiff Kahalewai submitted application paperwork for a License to Carry a concealed firearm to the Honolulu Police Department in May 2023.  The remaining allegations in this paragraph are vague and ambiguous, and on that basis the allegations are denied.  Additionally, the City has insufficient knowledge or information as to the truth or falsity of any remaining allegations made therein, and therefore denies all remaining allegations.

24.     With respect to the allegations contained in paragraph 67 of the Complaint, the City admits that the letter that appears as Exhibit 3 to the Complaint was sent to the Plaintiff by an employee of the Honolulu Police Department.  The cited document speaks for itself, such that no response is required.  To the extent a response is required, denied. The City has insufficient knowledge or information as to the truth or falsity of the remaining allegations made therein, and therefore

denies all allegations.

25.     With respect to the allegations contained in paragraph 68 of the Complaint, the City admits that Plaintiff Kahalewai submitted application paperwork for a License to Carry a concealed firearm to the Honolulu Police Department in September 2023.  The remaining allegations in this paragraph are vague and ambiguous, and on that basis the allegations are denied.  The City has insufficient knowledge or information as to the truth or falsity of any remaining allegations made therein, and therefore denies all remaining allegations.

26.     With respect to the allegations contained in paragraph 69 of the Complaint, the document speaks for itself, such that no response is required.  To the extent a response is deemed required, denied.

27.     With respect to the allegations contained in paragraphs 70 to 74 of the Complaint, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore denies all allegations.  The allegations in these paragraphs are vague and ambiguous, and on that basis the allegations are denied.

## CLAIM FOR DECLARATIVE AND INJUNCTIVE RELIEF

28.     With respect to the allegations contained in paragraph 75 of the Complaint, the City incorporates by reference the answers to all previous paragraphs as if set forth here in full.

29.     With respect to the allegations contained in paragraphs 76 to 82, these paragraphs contain conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.  The cited cases speak for themselves, such that no response is required.  To the extent a response is deemed required, denied.  The City denies that Plaintiff was deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case.  The City denies that Plaintiff is entitled to any relief.  To the extent any allegations remain, denied.

### CLAIM FOR DECLARATIVE AND INJUNCTIVE RELIEF

30.     With respect to the allegations contained in paragraph 83 of the Complaint, the City incorporates by reference the answers to all previous paragraphs as if set forth here in full.

31.     With respect to the allegations contained in paragraphs 84 to 91 of the Complaint, these paragraphs contain conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.  The City denies that Plaintiff was deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case.  The City denies that Plaintiff is entitled to any relief.  To the extent any allegations remain, denied.

11

## DECLARATORY JUDGMENT

32.    With respect to the allegations contained in paragraph 92 of the Complaint, the City incorporates by reference the answers to all previous paragraphs as if set forth here in full.

33.    With respect to the allegations contained in paragraphs 93 to 98 of the Complaint, these paragraphs contain conclusions of law and Plaintiff's prayer for relief, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.  The cited statute speaks for itself, such that no response is required.  To the extent a response is deemed required, denied.  The City denies that Plaintiff was deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case.  The City denies that Plaintiff is entitled to any relief.  To the extent any allegations remain, denied.

## PRAYER FOR RELIEF

34.    The remaining paragraphs of the Complaint contain Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed required, the City denies that Plaintiff is entitled to relief.

35.    The City denies any and all allegations not expressly admitted herein to which a response is deemed required.

\\

## THIRD DEFENSE

36.    Plaintiff's claims are not ripe for adjudication, and/or are moot.

## FOURTH DEFENSE

37.    The City gives notice that it may rely on the defense that Plaintiff

lacks standing.

## FIFTH DEFENSE

38.    Declaratory and/or injunctive relief is not warranted as against the City.

## SIXTH DEFENSE

39.    Plaintiff's claims may be barred by the applicable statute of

limitations and/or HRS § 46-72.

## SEVENTH DEFENSE

40.    The City gives notice that it may rely upon the affirmative defense

that Plaintiff failed to mitigate his damages, if any.

## EIGHTH DEFENSE

41.    The City intends to rely on the defense that any and all defendants

have immunity.

## NINTH DEFENSE

42.    The City intends to rely on the defense that each cause of action must

fail against any and all defendants because they were fulfilling their duties as

provided by law.

TENTH DEFENSE

43.     The City intends to rely on the defense that its employees acted at all times in good faith, without malice, or within the scope of their duties as employees of the City.

ELEVENTH DEFENSE

44.     The City is not liable under the theory of respondent superior, as such theory is inapplicable to actions brought under 42 U.S.C. § 1983, and any allegedly improper actions of an individual cannot be attributed to the City.

TWELFTH DEFENSE

45.     If the City employee or officer is immune from liability, then the employee's employer, the City and County of Honolulu, is likewise immune from liability.

THIRTEENTH DEFENSE

46.     The City is not responsible to Plaintiff under any theory of imputed or vicarious liability.

FOURTEENTH DEFENSE

47.     If it is determined that any employee, agent, servant, appointee, or representative of the City was responsible for Plaintiff's injuries and damages, if any, such individual's or individuals' alleged acts were justifiable under the applicable law and facts of this case.

14

## FIFTEENTH DEFENSE

48.     The City is not liable for Plaintiff's alleged injuries and/or damages on the basis of the employees' absolute and/or qualified immunity.

## SIXTEENTH DEFENSE

49.     The City did not have any policy, action, custom, rule, or practice which resulted in the alleged deprivation of Plaintiff's constitutional rights or other rights.

## SEVENTEENTH DEFENSE

50.     Plaintiff's allegations are not the proper subject of an action under 42 U.S.C. § l983 as there was no state statute, ordinance, regulation, custom, policy, practice or usage that violated Plaintiff's civil rights.

## EIGHTEENTH DEFENSE

51.     The City did not violate Plaintiff's rights under the Second Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution, any other constitutional provision, any provision of the Hawaiʻi Constitution, 42 U.S.C. § 1983, or any statute, ordinance, law, regulation, rule, or other source of law.

## NINTEENTH DEFENSE

52.     Plaintiff's rights, privileges, and immunities secured under the laws and constitutions of the United States and the State of Hawaiʻi have not been

15

violated by any alleged action or inaction of the City.

## TWENTIETH DEFENSE

53.     The City is not liable based on the acts and omissions of its officers or agents in performing or failing to perform a discretionary function or duty.

## TWENTY-FIRST DEFENSE

54.     The City gives notice that it may rely on the defenses of estoppel, laches, waiver, claim preclusion, issue preclusion, and law of the case.

## TWENTY-SECOND DEFENSE

55.     The City and all its employees or agents acted lawfully and properly in the execution of its/their duty.

## TWENTY-THIRD DEFENSE

56.     Plaintiff has failed to name one or more indispensable parties.

## TWENTY-FOURTH DEFENSE

57.     Plaintiff's alleged injuries were sustained as a result of his own or another third-party's wrongful and/or illegal act

## TWENTY-FIFTH DEFENSE

58.     The City was not a substantial factor in causing any damages as may be alleged in the Complaint.

## TWENTY-SIXTH DEFENSE

59.     The City reserves all rights to assert any affirmative defenses or to

rely on any other matter constituting an avoidance pursuant to Rule 8(c) of the Federal Rules of Civil Procedure and to seek leave to amend its Answer to allege any such defenses and to assert any other defenses, claims and counterclaims as discovery and the evidence may merit.

TWENTY-SEVENTH DEFENSE

60.    Plaintiff has failed to provide timely notice of his claims in accordance with HRS § 46-72, and, as a result, they are barred.

TWENTY-EIGHTH DEFENSE

61.    The City is not liable for the alleged injuries and/or damages to Plaintiff on any and all claims based on the City's alleged failure to adequately enforce statutes, ordinances, rules, regulations and/or any other applicable law.

TWENTY-NINTH DEFENSE

62.    The City gives notice that it may rely on the defense of unclean hands.

THIRTIETH DEFENSE

63.    The City did not violate or attempt to violate Plaintiff's rights – to the extent any claimed rights exist – under the United States Constitution; any provision of the Hawaiʻi Revised Statutes or Hawaiʻi Constitution; any provision of the Hawaiʻi Administrative Rules; any provision of the Revised Charter of the City and County of Honolulu; any provision of the Revised Ordinances of Honolulu; any provision of the Administrative Rules of the City and County of

17

Honolulu; 42 U.S.C. § 1983; and/or any other constitutional provision, law, rule, regulation, or other source of authority cited by and/or relied upon by Plaintiff in his Complaint.

THIRTY-FIRST DEFENSE

64.    Plaintiff was not injured and did not suffer any damages.

THIRTY-SECOND DEFENSE

65.    Plaintiff, in a previous lawsuit, has already released all claims set forth herein.  The City relies upon the affirmative defenses of accord and satisfaction, estoppel, payment, release, res judicata, and waiver.

THIRTY-THIRD DEFENSE

66.    The City is not liable for Plaintiff's alleged injuries and/or damages on the basis of qualified or conditional privilege.

WHEREFORE, the City respectfully requests as follows:

1.    That the Court dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Defendant forthwith;

2.    That the Court award the City all fees and costs recoverable herein;

3.    That the Court grants all further relief in law and equity to which the City is entitled.

\\

\\

DATED:  Honolulu, Hawai'i, August 19, 2024.

DANA M.O. VIOLA
Corporation Counsel

By /s/ *Daniel M. Gluck*
    DANIEL M. GLUCK
    JACQUELINE DE LEEUW HUANG
    PATRICIA SENDÃO
    Deputies Corporation Counsel

    Attorneys for Defendant
    CITY AND COUNTY OF HONOLULU